UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICK HALL,

    Plaintiff,

v.                            Case No. 2:23-cv-414-JES-NPM

SAMUELS, RICHARD MCMANUS,
MARIE WYNN, AND JOHN DOE,

    Defendants.
_____/

## ORDER

Plaintiff Patrick Hall, a prisoner of the Florida Department of Corrections, initiated this action by filing a pro se civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). The Court directed Plaintiff to amend his complaint (Doc. 5), and his amended complaint is currently before the Court for initial screening. (Doc. 6).

After carefully considering Plaintiff's allegations, the Court dismisses his amended complaint for failure to state a claim on which relief can be granted. Plaintiff may file a second amended complaint raising only Eighth Amendment excessive force claims against Defendants Samuels and Doe.

### I.   Amended Complaint

The allegations in Plaintiff's amended complaint are not presented in chronological order, and the complaint contains numerous typographical errors that make it difficult to determine

whether Petitioner has stated a claim.  However, the Court liberally construes the pro se amended complaint as best it is able so as to present Plaintiff's allegations logically and chronologically.[1] In addition, for the purpose of screening, the Court accepts all factual allegations (but not legal conclusions) as true.

Plaintiff alleges the following:  On either June 12, 13 or June 22 of 2020,[2] while being held at Desoto Correctional Institution, he was "beaten by Sgt. Samuels and John Doe using unnecessary force" during a psychological emergency.  (Doc. 6 at 5, 9).  Plaintiff was pushed into the wall while his hands were cuffed behind his back, and he hit his face and head.  (Id. at 7).  Defendants Samuels and Doe slammed Plaintiff to the floor twice

---

[1] Even though the Court must liberally construe a pro se complaint, neither the Court nor a defendant is required to read between the lines or comb through pages of attachments to fashion a claim on a plaintiff's behalf.  See GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action[.]") (citations omitted).  Plaintiff alleges facts that are untethered to either cause of action alleged in the amended complaint (i.e., that he has unfairly been labeled a "snitch" and has been threatened by other inmates).  To the extent Plaintiff intended to raise additional claims based upon these allegations, those claims are dismissed under Rules 8 and 10 of the Federal Rules of Civil Procedure and for failure to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

[2] The amended complaint inconsistently alleges the date and time of the beating.

and Defendant Samuels stated "let's take him down" before the second slam. (Id.) Defendants Samuels and Doe kicked, kneed, punched, and elbowed Plaintiff's back, legs and ribs without justification. (Id.) Plaintiff screamed for help, and another officer looked around the corner of the officer station wall and pointed to the camera. (Id.) Plaintiff was then thrown into a wheelchair while his hands were still cuffed behind his back, and he heard a snapping sound in his left shoulder. (Id. at 8). Plaintiff still experiences extreme emotional and physical pain from the attack, but his sick call requests have resulted only in ibuprofen and a July 2023 x-ray at Martin Correctional Institution. (Id.) The experience has caused him "serious physical [and] emotional problems to this day." (Id.)

Plaintiff also alleges that, on June 22, 2022, at approximately 4:30 pm, he was pulled from his cell for a disciplinary proceeding.[3] (Doc. 6 at 5). He was never served with a disciplinary report before that date. (Id.) Defendants Captain McManis and Classification Officer Marie Wynn verbally told him "you know what this is," which Plaintiff interpreted to mean "the covering of the unnecessary force used by other named defendants[.]" (Id.) Plaintiff asserts that "[b]y doing this the

_____

[3] The Court will assume that Plaintiff intended to write "June 22, 2020" as that is the date on a disciplinary report attached to the complaint. (Doc. 6-1 at 6).

above named defendants violated Patrick Hall's due process." (Id.) Officer Landry advised Defendants McManis and Wynn that "they should not give [Plaintiff] a disciplinary report." (Id. at 6). He asserts that "[b]oth McManis and Wynn are liable for trying to cover the unjustified unprovoked aggravated battery [and] assault on Patrick Hall." (Id.) Plaintiff was charged with disorderly conduct and pleaded guilty. (Doc. 6-1 at 6). He received 30 days of disciplinary confinement, followed by 30 days of probation. (Id.)

Plaintiff seeks a jury trial and monetary damages against each defendant. (Doc. 6 at 9).

## II. Legal standard

A federal district court is required to review a civil complaint filed *in forma pauperis* and to dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915. In essence, section 1915(e)(2) is a screening process to be applied *sua sponte* and at any time during the proceedings. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. The section provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
> (A)    the allegation of poverty is untrue; or
>
> (B)    the action or appeal-

4

> > > (i)     is frivolous or malicious;
> > >
> > > (ii)    fails to state a claim on which relief may be granted; or
> > >
> > > (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).   In making these determinations, all factual allegations in the complaint are viewed as true.   Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).   Moreover, the Court must liberally construe the plaintiff's pro se allegations. Haines v. Kerner, 404 U.S. 519 (1972).

A complaint may be dismissed as frivolous under section 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).   A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist.   Id. at 327.

Dismissals under 28 U.S.C. § 1915(e)(2)(ii) for failure to state a claim are governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure.   Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).   Under Rule 12(b)(6), a complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.   See Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007) (retiring the "no set of facts" language previously used to describe the motion to dismiss standard

and determining that because the plaintiffs had not "nudged their claims across the line from conceivable to plausible," their complaint must be dismissed for failure to state a claim).

### III. Discussion

**A. Plaintiff's amended complaint does not adequately allege an excessive force claim.**

Plaintiff asserts, without further explanation, that the force used against him by Defendants Samuels and Doe was unnecessary and excessive. (Doc. 6 at 7). The core inquiry in an Eighth Amendment excessive force claim is whether force was applied in a "good faith effort to maintain or restore discipline" or "maliciously or sadistically" to cause harm. Whitley v. Albers, 475 U.S. 312, 320 (1986). The following must be considered to answer that question: (1) the need for force; (2) "the relationship between the need and the amount of force that was used"; (3) "the extent of the injury inflicted"; (4) "the threat to the safety of staff and inmates"; and (5) "any efforts made to temper the severity" of the force. Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007). Plaintiff's allegations in his amended complaint are insufficient for meaningful consideration of the Whitley and Cockrell factors or to survive screening under 28 U.S.C. § 1915(e)(2)(B).

Though Plaintiff alleges, without explanation, that the force used against him was unnecessary, he also alleges that he was

6

charged with disorderly conduct and that he pleaded guilty to the charge—relevant facts for the Courts to consider when determining whether a plaintiff has alleged a plausible excessive force claim under Whitley.  See Twombly, 550 U.S. at 556 (explaining that only a complaint that states a plausible claim for relief survives a motion to dismiss).  Without context surrounding his altercation with Defendants Samuels and Doe, Plaintiff has not "nudged" his excessive force claim "across the line from conceivable to plausible."  Id. at 544, 555, 570 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]") (internal quotation and citation omitted).

Because the bare facts alleged in Plaintiff's amended complaint do not state a plausible excessive force claim, he must file a second amended complaint if he wishes to proceed on his Eighth Amendment excessive force claim against Defendants Samuels and Doe.

**B.    Plaintiff's amended complaint does not state a Fourteenth Amendment Due Process Claim.**

Plaintiff's conclusory assertion that he was not served with a disciplinary report prior to the day of his hearing suggests an allegation of inadequate due process following a false disciplinary charge.  Notably, the filing of a false disciplinary

charge, standing alone, does not state a constitutional claim. The Constitution requires only that the plaintiff be afforded due process at the institutional hearing (on the allegedly false charge), which represents the plaintiff's opportunity to expose falsities or inaccuracies.  See Freeman v. Rideout, 808 F.2d 949, 952 (2d Cir. 1986) (recognizing that the protections from actions such as false disciplinary reports are found in "the procedural due process requirements as set forth in Wolff v. McDonnell").

In Wolff v. McDonnell, 418 U.S. 539 (1974), the United States Supreme Court described the minimum procedural due process requirements for prisoners who receive discipline that results in the loss of good-time credits or the imposition of solitary confinement.  These protections include advance written notice of the charges, adequate time to prepare a defense, an opportunity to present witnesses and evidence, and a written statement by the factfinder explaining the reasons for the decision.  Id.  In addition, the decision-maker must be sufficiently impartial so as not to present "a hazard of arbitrary decision making."  Id. at 571.

Although Plaintiff complains that he did not receive advance notice of the disciplinary hearing and suggests that he was unable to properly prepare a defense,[4] a defendant's mere failure to

---

[4] The disciplinary report attached to Plaintiff's complaint states that he was charged with disorderly conduct, declined staff

comply with these procedural protections does not give rise to a due process claim in every situation.  The Supreme Court has explained that Wolff due process claims are limited to situations where a defendant's actions caused an "atypical significant deprivation" in which a State might conceivably have created a liberty interest.  See Sandin v. Conner, 515 U.S. 472, 486 (1995). In other words, a defendant's failure to follow each Wolff procedural requirement violates the Constitution only when the failure resulted in the deprivation of the plaintiff's interest in life, liberty, or property.  Wilkinson v. Austin, 545 U.S. 209, 220 (2009) ("The 14th Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake.").

In this case, after being found guilty of disorderly conduct, Plaintiff received 30 days in disciplinary confinement followed by 30 days' probation.  (Doc. 6-1 at 6).  In Sandin, the Supreme Court explained that "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters imposed by a court of law" and that "though concededly punitive, [disciplinary confinement] does not present a dramatic departure from the basic conditions of [a prisoner's] sentence."  515 U.S.

---

assistance, pleaded guilty to the charge, and received thirty days of disciplinary confinement.  (Doc. 6-1 at 6)

at 485.  Therefore, the Supreme Court found that a prisoner's 30-day sentence to discipline in segregated confinement "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest."  (Id. at 486).

The facts alleged in Plaintiff's amended complaint do not rise to the level of a due process violation.  As noted, even accepting Plaintiff's allegation that one (or all) of the defendants filed a false disciplinary report, a false charge, in and of itself, does not state a constitutional claim.  In addition, Plaintiff's sentence of disciplinary confinement and probation "was within the range of confinement to be normally expected" by a prisoner in the Department of Corrections and did not implicate the Due Process Clause.  Sandin, 515 U.S. at 487.  Because Plaintiff's due process allegations do not state a claim upon which relief can be granted, they are dismissed.  28 U.S.C. § 1915(e)(2)(B).

## IV.  Conclusion

Plaintiff's complaint does not state a claim on which relief may be granted and all claims are dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).  Generally, a pro se plaintiff is given one opportunity to amend his complaint before dismissal.  Plaintiff has already had an opportunity to amend his complaint.  (Doc. 5).  Nevertheless, he proceeds pro so, and the Court finds that further leniency is warranted in this case.  See Silberman v. Miami Dade

10

Transit, 927 F.3d 1123, 1132–33 (11th Cir. 2019) (recognizing that "in some situations, [an additional chance to amend] may be warranted in recognition of the difficulty of proceeding pro se"). Therefore, Plaintiff may file a second amended complaint raising and clarifying his Eighth Amendment excessive force claims. However, further amendment of Plaintiff's due process claims as they relate to the disciplinary proceedings would be futile, and those claims are dismissed without leave to amend.  See Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed.").

Plaintiff should be aware that an amended complaint supersedes the filing of the initial complaint and becomes the operative pleading.  Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011).  Thus, Plaintiff's second amended complaint must be complete, including all related claims he wishes to raise, and must not refer to the initial or amended complaints. Additionally, any supporting documents should be included with the second amended complaint and marked as exhibits. Plaintiff's second amended complaint will be subject to screening under 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is now **ORDERED**:

1.  Plaintiff's amended complaint is dismissed for failure to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

2.  Within **TWENTY-ONE (21) DAYS** of this Order, Plaintiff may file a second amended complaint raising only Eighth Amendment excessive force claims against Defendants Samuels and Doe.  If Plaintiff does not timely file a second amended complaint, this case will be dismissed by separate order.

**DONE AND ORDERED** in Fort Myers, Florida on August 17, 2023.


_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


SA:  FTMP-2

Copies to:    Patrick Hall
Encl:    prisoner 42 U.S.C. § 1983 civil rights complaint form